UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ELMER STURGILL,                          )
                                         )
        Plaintiff,                       )        Civil Action No. 3:18-CV-P401-CHB
                                         )
v.                                       )
                                         )
JEREMY L. SMITH *et al.*,                )        **MEMORANDUM OPINION**
                                         )            **AND ORDER**
        Defendants.                      )

*** *** *** ***

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C.

§ 1983.  The Court has granted Plaintiff Elmer Sturgill leave to proceed *in forma pauperis*. [R. 2]

This matter is before the Court for the screening of Plaintiff Elmer Sturgill's complaint pursuant

to 28 U.S.C. § 1915A.  For the reasons set forth below, the action will be dismissed in part and

allowed to proceed in part.

## I. SUMMARY OF COMPLAINT

Plaintiff was previously incarcerated at Luther Luckett Correctional Complex (LLCC).

He brings this action against three defendants in their official and individual capacities – LLCC

Sergeant Jeremy L. Smith, LLCC Sergeant T. McCullough, and LLCC Correctional Officer C.

Lancour.

In the complaint, plaintiff writes as follows:

On May 27, 2018, around 11:20 p.m. in dorm 7-C a incident happen in core as SGT
Smith was standing in core 7-C dealing with issue I exited D-wing and ran toward
SGT Smith tackling him to the ground due to I believed he was hurting [another
inmate].  At that time SGT McCullough came and removed me off SGT Smith then
sprayed O.C. spray (Oleoresin Capsicum) in my face then SGT Smith took me to
the ground.  As I resisted SGT Smith deploy taser in the face at 23:20:45.  Then at
23:21:37 I was placed in handcuffs behind back and leg shackles then at 23:31:46
I was tased once more clearly they had full control I was handcuffed etc. and 3

officer with Taser probes still in skin and one in pants. As you can see from the exhibits, I was tased multi-times after been handcuffed. SGT Smith and Officer Lancour slammed me face down on blacktop in 7-C bull pen which cut right side of face by corner of eye, and gashed elbow open which caused deep wound and step on my shoulder with boot to hold me on ground which caused cuts to my right shoulder. As I was been brought to RHU AKA segregation unit in the transportation apparatus SGT Smith struck me in the back of the head with the butt of taser. Then placed in a restraint chair for 2 hours then in a cell with O.C. spray on my face, body etc., not allowed to shower.

As relief, Plaintiff seeks money damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## A. Official-Capacity Claims

As indicated above, Plaintiff sues Defendants in their official capacities. However, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the claims seeking money damages from state officers or employees in their official capacities are not cognizable claims under § 1983. In addition, the Eleventh Amendment acts as a bar to claims for money damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Accordingly, Plaintiff's official-capacity claims for damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

## B. Individual-Capacity Claims

The Court now turns to Plaintiff's individual-capacity claims against Defendants. Plaintiff indicates that he is bringing excessive-force claims against Defendants under both the Fourth and Eighth Amendments. However, it is the Eighth Amendment that provides the source of protection for a convicted prisoner asserting an excessive-force claim under § 1983. *See, e.g.*, *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010) (citing *Whitley v. Albers*, 475 U.S. 312, 318-27 (1986)). Thus, the Court will dismiss Plaintiff's Fourth Amendment excessive-force claims but, based upon the allegations contained in the complaint, will allow Plaintiff's Eighth Amendment excessive-force claims to proceed against Defendants in their individual capacities.

# IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that plaintiff's official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that plaintiff's Fourth Amendment excessive-force claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court passes no judgment on the merits of the claims it has allowed to proceed in this review or the ultimate outcome of this action. The Court will enter an Order Regarding Service and Scheduling Order to govern the continuing claims.

September 20, 2018

*Claria Horn Boom*

Claria Boom, District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
A958.011